## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

| | | |
|---|---|---|
| **Tracy Arthur Alston**<br>10012 Cedarhollow Lane<br>Largo, Maryland 20774 | ) ) ) ) | |
| *on behalf of himself and*<br>*all others similarly situated* | ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) ) | |
| **Experian Information Solutions, Inc.**<br>Serve: Corp Trust Inc.<br>351 W. Camden Street<br>Baltimore, Maryland 21201 | ) ) ) ) ) | |
| Defendant, | ) ) | |
| **Equifax Information Services, LLC**<br>Serve: CSC-Lawyers Incorp Srvc Co.<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202 | ) ) ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Tracy Arthur Alston, and for his complaint against the Defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

### PARTIES

2. The plaintiff is a natural person and resides in the state of Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

1

3.      Defendants Equifax and Experian (collectively "credit bureaus") are foreign corporations operating throughout the entire United States, including the State of Maryland. Each is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f) for each is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as the term is defined in 15 U.S.C. 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties

## FACTS

4.      In April 2015 Mr. Alston requested his credit reports from Experian, Equifax and Trans Union, LLC ("Transunion").

5.      Each credit bureau received the same credit report request.

6.      Mr. Alston's requests for credit reports included copies of two forms of his identification.

7.      On April 20, 2015 Transunion issued a credit report in response to Mr. Alston's request.

8.      Equifax, on the other hand, issued a letter dated April 22, 2015 that requested additional information to verify Mr. Alston's identification and current address.

9.      Equifax's letter was not a reasonable response because Mr. Alston had already provided sufficient identification (i.e. social security card and state ID) to very his identity and address.

10.     Whereas Equifax and Transunion provided some form of response, the Defendant Experian did not issue any response after receiving Mr. Alston's request for his credit report.

11.     All three credit bureaus received the same request but only Transunion provided Mr. Alston with his credit report. The Defendants Experian and Equifax response were not

reasonable because Mr. Alston provided sufficient identification for the Defendants to verify his identification and address. The sufficiency of the identification was demonstrated by Transunion's response. Even Equifax's response demonstrated the sufficiency of Mr. Alston's request for Equifax requested the same identifying information that he previously provided.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, within two years of the filing of this complaint, have requested their credit reports from the Defendants but did not receive a credit report from the Defendants despite providing sufficient identification information in their requests to the Defendants.

13.     *Ascertainability/Numerosity*: The class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are hundreds of thousands of members of the class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

14.     *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the class he seeks to represent because they have all been injured in the same manner as a result of Defendants' uniform and woefully inadequate procedure to furnish credit reports to requesting consumers.

15.     *Adequacy Of Representation*: Plaintiff is an adequate representative of the class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way antagonistic to those of the other class members; and (c) he will be represented by experienced and competent counsel.

16. *Commonality*: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether the consumer requested his or her credit report, whether the Defendants received the consumers' request, whether the consumers' request contained sufficient information to identify the consumer and whether the Defendants furnished the credit report to the consumers.

17. *Predominance.* The common questions of law and fact relating to plaintiff's willful violation claims predominate over questions affecting only individual members. Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the vast majority of members of the class, the amount of any potential recovery is too small to justify the cost of prosecuting their claims individually, despite the availability of costs and attorney fees in the event they were to prevail on the merits. Further, requiring each class member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

### COUNT ONE: VIOLATIONS OF FCRA

18. Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19. The Defendants violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Named Plaintiff's and the Class' consumer files after receiving their requests for their credit reports.

20. Defendants' failure to comply with the requirements of 15 U.S.C. §1681g(a) is willful within the meaning of 15 U.S.C. §1681n(a).

21.    As a result of Defendants' willful noncompliance with the requirements of 15 U.S.C. §1681g(a), plaintiff and class members are entitled to statutory and punitive damages under 15 U.S.C. §1681n(a)(1) and (a)(2).

22.    As a further result of Defendants' willful noncompliance with the requirements of 15 U.S.C. §1681g(a), Named Plaintiff and the Class have suffered damage including anxiety, frustration and other actual damages.

**WHEREFORE**, Plaintiff respectfully prays:

A.    That the Court enter an Order certifying the Class claim;

B.    That the practices and procedures of Defendants complained of herein be determined and adjudged to be in violation of the rights of Named Plaintiff and Class members under the FCRA;

C.    That in accordance with 15 U.S.C. 1681n(a) and 1681o(a), judgment be entered in favor of Named Plaintiff and the Class, either individually or class-wide, and against Defendants for statutory and/or punitive damages in amounts to be determined at trial;

D.    That in accordance with 15 U.S.C. 1681n(a)(3) and 1681o(a)(2), Named Plaintiff and the Class be awarded the costs of this action together with reasonable attorney's fees as the Court may determine;

E.    That Named Plaintiff and Class members be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

23.    Plaintiff hereby demands a trial by jury on all issues so triable.

5

Respectfully submitted,
TRACY ARTHUR ALSTON

Tracy Arthur Alston, Pro Se
10012 Cedarhollow Lane
Largo, Maryland 20774
Tel: (202) 749-9641

6

1600-Cedarhollow Ln
Largo, Maryland 20774

RETURN RECEIPT
REQUESTED

CERTIFIED MAIL®



7015 1730 0001 1507 3786

CSC-Lawyers Inc
7 St. Paul St #820
Baltimore, MD 21202

U.S. POSTAGE
PAID
CAPITOL HEIGHTS, MD
20790
NOV 10, 15
AMOUNT
**$7.67**
R2305K141938-32

1000