```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                      :
TRACY ARTHUR ALSTON
                                      :

     v.                               :   Civil Action No. DKC 15-3806

                                      :
EXPERIAN INFORMATION SOLUTIONS,
INC., et al.                          :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Credit Reporting Act ("FCRA") case is a motion to dismiss filed by Defendant Equifax Information Services, LLC ("Equifax"). (ECF No. 17).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

**A.   Factual Background**

Unless otherwise noted, the facts outlined here are set forth in the amended complaint and construed in the light most favorable to Plaintiff Tracy Arthur Alston ("Plaintiff").  In April 2015, Plaintiff requested his credit report from Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Equifax, and TransUnion, LLC ("TransUnion").  (ECF No. 15 ¶ 4). On April 20, TransUnion, which is not a defendant in this case, provided Plaintiff with his credit report.  (*Id.* ¶ 7).  On April

22, Equifax sent Plaintiff a letter requesting additional information to verify his identity and address. (*Id.* ¶ 8). Experian did not respond to Plaintiff's request. (*Id.* ¶ 11). According to Plaintiff, Equifax's request was unnecessary because he "had already provided sufficient identification (i.e. social security card and state ID) to ver[if]y his identity and address." (*Id.* ¶ 9).

**B.   Procedural History**

Plaintiff, proceeding *pro se*, filed a putative class action complaint in the Circuit Court for Prince George's County on November 5, 2015 (ECF No. 2), and Defendants timely removed the action to this court (ECF No. 1).  On December 21, Equifax filed a motion to dismiss and to strike the class allegations. (ECF No. 12).  On January 12, 2016, Plaintiff filed an amended complaint asserting one count under the FCRA for "willful noncompliance with the requirements of 15 U.S.C. § 1681g(a)." (ECF No. 15 ¶ 22).  Although the amended complaint mooted Equifax's motion to dismiss, the court dismissed Plaintiff's class allegations because a *pro se* plaintiff may not act as a class representative. (ECF No. 16).

On January 29, Equifax filed the pending motion to dismiss for failure to state a claim. (ECF No. 17).  On the same day, Experian answered the amended complaint. (ECF No. 18).

2

Plaintiff responded to Equifax's motion (ECF No. 20), and Equifax replied (ECF No. 21).

**II.  Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions

couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). Even when *pro se* litigants are involved, however, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Analysis**

Plaintiff alleges that Equifax violated § 1681g(a) by not providing his credit report on request. "Section 1681g(a) requires [credit reporting agencies] to disclose to consumers the information in their credit file upon request. Sections 1681h(a) through 1681h(d) contain the procedures [credit

reporting agencies] must follow when providing these disclosures." *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010). Section 1681h(a) notes that, when making a disclosure to a consumer under § 1681g, "[a] consumer reporting agency shall require . . . that the consumer furnish proper identification." 15 U.S.C. § 1681h(a). The FCRA provides a private right of action against credit reporting agencies. If a violation is negligent, the affected consumer is entitled to actual damages under § 1681o; if a violation is "willful," the consumer may be entitled to actual damages, statutory damages, and punitive damages under § 1681n. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007).

Equifax argues that Plaintiff's claims against it should be dismissed because the complaint fails to plead facts showing that Equifax "willfully" violated the FCRA under § 1681n. According to Equifax, its request for additional information was not a failure to provide Plaintiff with his credit file, but was merely an attempt to comply with § 1681h(a)'s identification requirement. Plaintiff counters that the complaint contains sufficient facts supporting a claim of willful violation because it "alleges [that] Equifax's response was reckless and was the result of a policy designed to preclude consumers from receiving their entitled credit reports. Specifically, Plaintiff alleges Equifax requested additional information when it knew it had

5

sufficient information to provide Plaintiff with his credit report." (ECF No. 20, at 2).[1]

Although case law applying the FCRA provisions at issue is sparse, the Supreme Court of the United States has articulated that a "willful" violation under § 1681n may be either an intentional, knowing violation or a "reckless" violation. *Safeco*, 551 U.S. at 58. A company is reckless when its action entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68 (citation and internal quotation marks omitted).

> Thus, a company subject to [the] FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Id.* at 69.

Here, Plaintiff's assertion that Equifax had a policy "to needlessly request information that has already been provided" (ECF No. 15 ¶ 10) does not show that Equifax's request of additional information was so objectively unreasonable to be reckless. *See Safeco*, 551 U.S. at 69 (holding that a company's

---

[1] Plaintiff also contends that "[t]o the extent necessary, [he] can amend the complaint to explicitly allege a negligen[ce] claim under [§] 1681o." (ECF No. 20, at 1). Currently, however, the amended complaint includes only one count asserting a willful violation under § 1681n, and Plaintiff has not moved for leave to file a second amended complaint.

reading of the statute was not reckless because, although "erroneous," it was "not objectively unreasonable"). Equifax responded to Plaintiff in writing seeking additional information to verify Plaintiff's identity and address before sending him potentially sensitive information from his credit file. Such a request is not reckless, particularly in light of § 1681h(a)'s identification requirement and because "[t]he stated purpose of the [FCRA] is to induce credit reporting agencies to adopt 'reasonable procedures' in their use of credit information . . . to ensure, among other things, the 'confidentiality of such information.'" *Guimond v. Credit Bureau Inc. of Ga.*, 955 F.2d 41, at *2 (4th Cir. 1992) (unpublished table opinion) (quoting 15 U.S.C. § 1681(b)). Accordingly, Plaintiff has failed to state a claim that Equifax willfully violated the FCRA.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Equifax will be granted. A separate order will follow.

                                                                         /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge